UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA HORTON; AIESHA HORTON, as mother and next of kin of TERREL PITCHFORD and AKEELAH PITCHFORD, minor children; LETICIA HORTON, as mother and next of kin of KIERRA MOORE and SIERRA MOORE, minor children; and TERRENCE HORTON, as father and next of kin of SHANIYA HORTON, a minor child; | Case No. 10-cv-03968 |
| Plaintiffs, | Judge Harry D. Leinenweber |
| v. | |
| | Magistrate Judge Geraldine Soat Brown |
| CITY OF CHICAGO, a municipal corporation; CHICAGO POLICE DEPARTMENT; CHICAGO POLICE OFFICER JASON E. BROWN, Star #14562; and UNKNOWN OFFICERS OF THE ORGANIZED CRIME DIVISION AND GANG INVESTIGATION SECTION OF THE CHICAGO POLICE DEPARTMENT; | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANTS CITY OF CHICAGO AND
### CHICAGO POLICE OFFICER JASON E. BROWN'S
### JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants City of Chicago (the "City") and Police Officer Jason E. Brown ("Officer Brown") (collectively, "Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure request this Court dismiss Plaintiffs' Complaint ("Complaint") for failure to state a claim. Defendants further request this Court stay their answers to the Complaint, answers and responses to discovery, and responses to requests to admit, until a ruling on this motion. In support of this motion, Defendants state as follows:

### INTRODUCTION

Plaintiffs' Complaint arises from the execution of a search warrant at Plaintiff Gloria Horton's apartment. (Compl. ¶1; Ex. A.) The search warrant authorized both the

search of Terrence Horton and 1365 N. Hudson, Building 6A, Apt. 2108, Chicago, Illinois—which was Plaintiff Gloria Horton's apartment—and the seizure of a semi-automatic handgun and documents showing residency. (Compl. ¶¶1, 7; Ex. A.) Almost two years after police executed the search warrant, Plaintiffs filed their Complaint against the City and Officer Brown, the affiant who requested the search warrant. (Compl. Ex. A.) Plaintiffs' Complaint purports to plead five counts: a Section 1983 claim under the Due Process Clause of the Fifth Amendment (Count I), a *Monell*-type claim (Count II), a claim for punitive damages (Count III), a claim for intentional infliction of emotional distress (Count IV), and a claim for *respondeat superior* (Count V).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the challenged pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all well-pleaded facts and reasonable inferences, a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

To survive a Rule 12(b)(6) motion, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. *Id.* at 570.

## ARGUMENT

Plaintiffs' Complaint fails to plead valid claims and the factual grounds on which they may rest. Specifically in Counts I and II, Plaintiffs have not alleged a deprivation of a proper constitutional right under Section 1983 and the factual grounds on which these claims may rest. In Count III, Plaintiffs assert an incognizable state law claim. In Count IV, Plaintiffs' claim for intentional infliction of emotional distress is time-barred by the statute of limitations. Finally in Count V, Plaintiffs' *respondeat superior* claim fails without a basis to impose vicarious liability. Therefore, Plaintiffs' Complaint fails to state a claim and must be dismissed.

I. COUNT I MUST BE DISMISSED BECAUSE IT FAILS TO STATE A SECTION 1983 CLAIM ON WHICH RELIEF CAN BE GRANTED FOR "FIFTH AMENDMENT DUE PROCESS VIOLATIONS."

For a valid claim under Section 1983, "a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Accordingly, the first step in analyzing a Section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). And "[t]he validity of the claim must then be judged by reference to the specific constitutional standard which governs that right." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Because

Count I fails to plead a proper constitutional right allegedly infringed, it must be dismissed for failure to state a claim.[1]

### A. Count I Fails to State a Claim for "Fifth Amendment Due Process Violations" Because the Due Process Clause of the Fifth Amendment Applies Only to Acts of the Federal Government.

In Count I, Plaintiffs attempt to plead a Section 1983 claim for "Fifth Amendment Due Process Violations." (Compl. ¶¶14-18; Ex. A.) The Due Process Clause of the Fifth Amendment, however, applies only to acts of the federal government and does not limit actions of state officials. *Barron ex rel. Barron v. Baltimore*, 32 U.S. (7 Pet.) 243, 250-51 (1833); *Caldwell v. Miller*, 790 F.2d 589, 602 (7th Cir. 1986). As Plaintiffs allege in the Complaint, Defendants are not federal entities or officials. (Compl. ¶ 4; Ex. A.) Therefore, Count I must be dismissed for failure to state a claim because the constitutional right allegedly infringed does not apply to these Defendants.

### B. Count I Would Also Fail to State a Claim, Even if Read Liberally Under the Due Process Clause of the Fourteenth Amendment, Because It Does Not Allege Any Trial-Based Misconduct.

Even if Count I purports to plead violations of the Due Process Clause of the Fourteenth Amendment, it still must be dismissed because the allegations do not involve trial-based government misconduct to establish a due process claim under the Fourteenth Amendment. In *Newsome v. McCabe*, the Seventh Circuit "h[eld] that Section 1983 provides a remedy for certain forms of *trial-based* government misconduct on violations of due process." *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)) (emphasis added).

---

[1] If Plaintiffs are granted leave to file an amended complaint, Defendants request this Court order the Plaintiffs to comply with Rule 10(b) of the Rules of Civil Procedure by pleading each claim in a separate count.

Later in *McCann v. Mangialardi*, the Seventh Circuit refused again to find a due process cause of action for pretrial misconduct. *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). The court explained, "[plaintiff] cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.* at 786; *accord Bridewell v. Eberle*, No. 08 C 4947, 2010 WL 2921635, at *2 (N.D. Ill. July 22, 2010) (dismissing a due process claim because "[a] claim that this arrest was done based on improper evidence is really tantamount to saying the seizure was without probable cause. This places the claim squarely under the Fourth Amendment which explicitly protects such rights.")

In the Complaint, Plaintiffs allege Officer Brown and other officers of the Chicago Police Department obtained the search warrant at issue despite "ha[ving] specific knowledge of Terrence Horton and kn[owing] he did not reside at 1365 N. Hudson, Apt. 2108 on July 8, 2008 or July 10, 2008." (Compl. ¶9; Ex. A.) Plaintiffs then claim Defendants violated "rights guaranteed under the United States Constitution by detaining Plaintiffs while they searched an apartment for approximately over 90 minutes . . . [and] by depriving Plaintiffs' [sic] of their personal liberty for over 90 minutes." (Compl. ¶16; Ex. A.)[2] But as *Newsome*, *Ienco*, and *McCann* make clear, such claims cannot be brought as due process claims under the Fourteenth Amendment. Therefore, Count I must be dismissed for failure to state a claim even if read liberally under the Due Process Clause of the Fourteenth Amendment.

---

[2] Plaintiffs do not allege that Officer Brown ever entered Plaintiff Gloria Horton's apartment. (Compl. 4.)

II.     **COUNT II MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT PLEAD AN UNDERLYING CONSTITUTIONAL VIOLATION TO SUPPORT A *MONELL*-TYPE CLAIM.**

In Count II, Plaintiffs attempt to plead a *Monell*-type claim against the City by alleging the "Constitutional violations detailed above [Count I] were only possible . . . because of the customs, policies, and practices of the Chicago Police Department." (Compl. ¶ 19; Ex. A.) "To support such a claim, however, the plaintiff must begin by showing an underlying constitutional violation, in order to move forward with her claim against the municipality." *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). And "municipalities or counties cannot be liable under § 1983 absent an underlying constitutional violation by one or more of their officers." *Marion v. City of Corydon*, 559 F.3d 700, 706 (7th Cir. 2009). As set forth above, Plaintiffs have failed to allege a constitutional violation in Count I. Without an underlying constitutional violation, Count II must therefore be dismissed for failure to state a claim.

III.     **COUNT III MUST BE DISMISSED BECAUSE PLAINTIFFS' SINGLE, HOLLOW ALLEGATION OF WILLFUL AND WANTON CONDUCT DOES NOT STATE A CLAIM.**

In Count III, Plaintiffs attempt to plead an action—entitled "Punitive Damage"—with a bare allegation that "the behavior of Defendant Officers was willful, wanton and without lawful purpose." (Compl. ¶19; Ex. A.) As the Illinois Supreme Court reiterated recently, "[t]here is no separate and independent tort of willful and wanton conduct." *Krywin v. Chicago Transit Auth.*, No. 108888, 2010 WL 2780319, at *11 (Ill. July 15, 2010) (citing *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274, 641 N.E.2d 402, 406 (Ill. 1994); *Sparks v. Starks*, 367 Ill. App. 3d 834, 837, 856 N.E.2d 575, 577-78 (Ill. App. Ct. 1st Dist. 2006)). Willful and wanton conduct is "a *course of action* which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety and the safety of others." *Ziarko*, 161 Ill. 2d at 274, 641 N.E.2d at 408 (citing *Illinois Pattern Jury Instructions, Civil*, No. 14.01 (3d ed. 1993))

(emphasis added). Likewise, the allegations in Count III provide only an alleged course of action but no cause of action. While "punitive damages" are a type of relief that may be sought in a civil rights case, it is not an independent cause of action or claim. Therefore, Count III must be dismissed for failure to state a claim.

### IV. COUNT IV MUST BE DISMISSED BECAUSE IT IS TIME-BARRED BY A ONE-YEAR STATUTE OF LIMITATIONS UNDER THE TORT IMMUNITY ACT.

In Count IV, Plaintiffs allege a state law claim for intentional infliction of emotional distress. (Compl. ¶¶ 21-23; Ex. A.) In Illinois, the applicable statute of limitations for an intentional infliction of emotional distress claim is one year under the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101; *see Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (affirming dismissal of intentional infliction of emotional distress claim as time-barred under 745 ILCS 10/8-101). Because Defendants' allegedly tortious conduct occurred on July 10, 2008 and Plaintiff did not file suit until June 25, 2010, Count IV is time-barred and must therefore be dismissed.

### V. COUNT V MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT PLEAD A VIABLE CLAIM TO IMPOSE VICARIOUS LIABILITY.

In Count V, Plaintiffs attempt to plead a claim based on *respondeat superior* to impose vicarious liability against the City from their intentional infliction of emotional distress claim. (Compl. ¶¶ 24-27; Ex. A.) But the locality cannot be held vicariously liable under the theory of *respondeat superior* without direct liability of its servant. *Drain v. Keyes*, No. 06 C 0054, 2007 WL 1772168, at *10 (N.D. Ill. June 19, 2007) (citing 745 ILCS 10/2-109; *Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 861 N.E.2d 313 (Ill. App. Ct. 1st Dist. 2006)). As set forth above, Plaintiffs have failed to allege an actionable claim in Count IV. Thus, Count V must be dismissed for failure to state a claim.

## CONCLUSION

**WHEREFORE**, for each of the reasons stated above, Defendants the City of Chicago and Police Officer Jason E. Brown respectfully request this Court:

A.  dismiss Plaintiffs' Complaint with prejudice;

B.  stay their answer to Plaintiffs' Complaint, answers and responses to discovery, and responses to requests to admit, until after a ruling on this motion;

C.  provide Defendants with any other relief deemed just and appropriate.

Dated: September 30, 2010

                                                              Respectfully submitted,

                                                              By: /s/ Helen C. Gibbons
                                                                  HELEN C. GIBBONS
                                                                  Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
*t* (312) 744-3982
*f* (312) 744-6566
*e* helen.gibbons@cityofchicago.org

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 30th day of September, 2010.

                                                                  /s/ Helen C. Gibbons
                                                                  HELEN C. GIBBONS