IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Gloria Horton, et al, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | No. 10-CV-3968 |
| | ) | |
| City of Chicago, et al, | ) | Judge Leinenweber |
| Defendants, | ) | |

**RESPONSE TO DEFENDANT CITY OF CHICAGO AND CHICAGO POLICE OFFICERS JASON E. BROWN'S JOINT MOTION TO DISMISS COMPLAINT**

Now comes the Plaintiffs, Gloria Horton, et al, by their attorney GEORGE E. BECKER and respond to the Defendant's motion to dismiss as follows:

**Statement of Law**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a motion to dismiss should only be granted if the challenged pleading fails to state a claim upon which relief can be granted. A motion to dismiss only tests the sufficiency of the complaint and not the merits of the lawsuit. Gibson v. City of Chicago, 910 F.2d 1520 (7th Cir. 1990). When considering a motion to dismiss the court must accept all well pleaded facts and all reasonable inferences that can be drawn therefrom.

**Argument**

The Plaintiffs have filed a five count complaint. Count I alleges a Section 1983 claim for violation of due process. Count II alleges a Section 1983 claim for failure of the City to properly instruct, control, supervise or discipline Chicago police officers. Count III is a punitive damage count. Count IV alleges intentional infliction of emotional distress against the officers and the City and Count V is a respondeat superior count against the City.

The facts alleged in the complaint are that Plaintiff, Gloria Horton, was a resident of a building at 1365 Hudson, Apartment 2108, Building 6A on July 10, 2008. The complaint acknowledges that the police had a warrant sought by Officer Jason Brown to search Terrance Horton and the apartment. The complaint alleges Terrance was not a resident of Gloria's apartment on the date and time in question. The complaint alleges that at approximately 11:00 p.m., officers entered without knocking, detained Gloria Horton and her 5 grand children (all minors) as well as others in the unit. The complaint alleges that for over one hour police searched the apartment, without success in locating any contraband. The complaint alleges Gloria Horton and the children were held against their will and personal property was damaged.

The complaint also alleges that although police could have detained and searched Terrance Horton outside they did not. It also alleges the police waited until Terrance entered the apartment, they failed to knock, they used a battery ram for entry and then entered the apartment in masks, holding shields and having guns drawn. Quite simply put they scared the daylights out of a grandmother and 5 grandchildren all under the age of 10.

### Count I

The Plaintiffs agree that Count I states a Fifth Amendment due process claim and it should read a Fourteenth Amendment due process claim. The IENCO v. City of Chicago, 286 F.3d 994 case cited by the City states that in a section 1983 action a plaintiff must show he was deprived of a federal right and the deprivation was imposed upon him by one or more persons acting under color of state law. Citing Gomez v. Toledo, 446 US 635, 640, 100 S.Ct.1920 (1980). The Seventh Circuit held that to establish liability Ienco had to prove he suffered a deprivation of a federal right as a result of an express municipal policy, a widespread action or a

deliberate act of a decision maker with final policy authority for the City which was the proximate cause of injury. <u>Ienco v. City of Chicago</u>, 286 F.3d 994 (7th Cir. 2002)

In this case Plaintiffs have alleged Chicago police officers (acting under color of State law) deprived them of a federal right (Constitutional Right to be free of illegal searches of their home coupled with the failure to knock and announce) that was a deliberate act. Thus, at this stage of the proceedings the Plaintiffs have set out a meritorious claim.

### Count II

The Defendants move to dismiss Count II claiming there is no underlying constitutional violation alleged. The Plaintiffs have alleged both the failure to knock and announce, a search warrant requirement and the unlawful requirement and the unlawful detention of Gloria Horton and her 5 minor grandchildren for 90 minutes. While the search warrant gave police the right to search Terrance Horton it did not give them any right to search or detain Plaintiffs. Thus, the City's argument on this count is without merit.

### Count III

The Plaintiffs agree that willful and wanton conduct is a course of action which shows a deliberate or actual intention to harm or which shows an utter indifference to or conscious disregard for a person's safety and the safety of others. Citing <u>Ziarko v. Soo Line R.R.Co.</u>, 161 Ill.2d 267, 274 (1994). The facts of this case speak for the utter indifference or conscious disregard for Plaintiffs' safety. The police could have searched Terrance Horton outside the apartment. The police could have knocked and announced. The police could have done a driver's license check to see that Terrance Horton did not live at the address searched. Instead they waited until Terrance entered the apartment, battered the door down and stormed a unit in masks with guns drawn frightening five minor children. The facts speak for themselves.

### Count IV

The Plaintiffs argue the City's allegations under 745 ILCS 10/8-101 and withdraw their claim under Count IV.

### Count V

The Plaintiffs do not believe this Court has to dismiss the respondeat superior claim because they are alleging federal and state due process claims. While the statute of limitations may be limited to one year on the intentional infliction of emotional distress, civil rights claims in Illinois have a 2 year statute of limitations. 735 ILCS 5/13-202 William v. Lampe, 399 F.3d 867-70 (7th Cir. 2005).

### Conclusion

For the foregoing reasons the Plaintiffs request this Court deny the motion to dismiss. In the alternative the Plaintiffs request this Court grant them leave to file an amended complaint.

Respectfully submitted,

/s/ George E. Becker
George E. Becker
33 N. LaSalle Street - Suite 3300
Chicago, Illinois 60602
(312) 236-2803