UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA HORTON; AIESHA HORTON, as mother and next of kin of TERREL PITCHFORD and AKEELAH PITCHFORD, minor children; LETICIA HORTON, as mother and next of kin of KIERRA MOORE and SIERRA MOORE, minor children; and TERRENCE HORTON, as father and next of kin of SHANIYA HORTON, a minor child; <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation; CHICAGO POLICE DEPARTMENT; CHICAGO POLICE OFFICER JASON E. BROWN, Star #14562; and UNKNOWN OFFICERS OF THE ORGANIZED CRIME DIVISION AND GANG INVESTIGATION SECTION OF THE CHICAGO POLICE DEPARTMENT; <br><br> Defendants. | Case No. 10-cv-03968 <br><br> Judge Harry D. Leinenweber <br><br> Magistrate Judge Geraldine Soat Brown |

### DEFENDANTS CITY OF CHICAGO AND CHICAGO POLICE OFFICER JASON E. BROWN'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants City of Chicago ("City") and Chicago Police Officer Jason E. Brown ("Officer Brown") (collectively, "Defendants") respectfully submit this reply in support of their Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 9).

### INTRODUCTION

To oppose dismissal, Plaintiffs argue discordantly that police officers did execute a *valid* search warrant at the *targeted location* and where the *targeted individual was located*. (Pls.' Resp. 2.) Citing neither their Complaint nor any authority, Plaintiffs' argument confirms that: Count I fails to state a due process claim under the Fourteenth Amendment; Count II alleges no underlying constitutional violation to state a *Monell*-type

claim; Count III fails to state a legally cognizable cause of action; Count IV is time-barred under the Tort Immunity Act; and Count V alleges no underlying claim to impose *respondeat superior* liability.

## ARGUMENT

I. COUNT I MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT DOES NOT SUPPORT THE CLAIM THAT PLAINTIFFS PURPORT TO PLEAD.

According to Plaintiffs, "Count I alleges a Section 1983 claim for violation of due process," but it "states a Fifth Amendment due process claim and it should read a Fourteenth Amendment due process claim." (Pls.' Resp. 1, 2.) Nevertheless, Count I fails to state a claim because the due process clause of the Fourteenth Amendment does not support the deprivation of "liberty" that Plaintiffs purport to plead. (*See* Defs.' Mot. Dismiss 4-5.)

With their response, Plaintiffs cite no authority to support the assertion that their right to "Fourteenth Amendment due process" was violated. (Pls.' Resp. 2-3.) Rather, Plaintiffs' Complaint makes clear that they were not deprived of "liberty . . . without due process of law." U.S. Cont., Amend. XIV, § 1, cl. 3. There was a search warrant, commanding the search of Terrence Horton and 1365 N. Hudson, Building 6A, Apt. 2108, Chicago, Illinois, and the seizure of a semi-automatic handgun and residentiary documents. (Pls.' Compl. 3, ¶ 8; *id.* Ex. A.) The warrant was executed at this targeted location and where this targeted individual had "entered" about 11:00 p.m. (Pls.' Resp. 2.)[1]

Besides waiving the argument, Plaintiffs' due process claim still fails because it "may not be maintained when a specific constitutional provision . . . protects the right allegedly violated." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Plaintiffs

---

[1] Furthermore, Plaintiffs do not allege that Officer Brown ever entered the apartment. (Compl. 4, ¶¶ 11-12.) And despite the admission, Plaintiffs' Complaint does not allege that "Terrance entered the apartment," although "entered" may be euphemistic. (Pls.' Resp. 2.)

"cannot do an end run around" a specific constitutional provision by pleading a "due process claim under the Fourteenth Amendment." *Id.* And like the "end run" in *McCann*, Plaintiffs' due process claim is attempting to go around the Fourth Amendment and its precedent, which would foreclose the claim. *See United States v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008) ("[O]fficers executing a search warrant have categorical authority to detain any occupant of the subject premises during the search."); *Frane v. Kijowski*, 992 F. Supp. 985, 991 (N.D. Ill. 1998) ("When exigent circumstances exist, such as danger of physical injury to the police or others, an officer is excused from announcing his presence.").

Therefore, Count I must be dismissed for failure to state a claim because the due process clause of the Fourteenth Amendment does not support the claim that Plaintiffs purport to plead.

II. COUNT II MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFFS HAVE NOT PLEADED AN UNDERLYING CONSTITUTIONAL VIOLATION TO SUPPORT A *MONELL*-TYPE CLAIM.

Count II must be dismissed for failure to state a claim because, as set forth above and in the motion, Plaintiffs have not pleaded an underlying constitutional violation to support a *Monell*-type claim. Despite Plaintiffs' argument, Count II alleges simply that the "Constitutional violations detailed above [their "Fourteenth Amendment due process claim"] were only possible . . . because of the customs, policies, and practices of the Chicago Police Department." (Pls.' Compl 6, ¶ 19.)[2] The due process clause of the Fourteenth Amendment does not support the claim that Plaintiffs purport to plead in Count I, much

---

[2] For the sake of argument, the allegations that Plaintiffs argue—but have not pleaded in Count II—still do not state a Fourteenth Amendment due process claim or a Fourth Amendment claim. *See Jennings*, 544 F.3d at 818 ("[O]fficers executing a search warrant have categorical authority to detain any occupant of the subject premises during the search."); *Frane*, 992 F. Supp. at 991 ("When exigent circumstances exist, such as danger of physical injury to the police or others, an officer is excused from announcing his presence.").

less a derivative *Monell*-type claim in Count II. Therefore, Count II must be dismissed for failure to state a claim.

III.  COUNT III MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFFS' SINGLE, HOLLOW ALLEGATION STATES A COURSE OF ACTION BUT NO CAUSE OF ACTION.

Count III must be dismissed because, even as Plaintiffs agree, it merely alleges "a course of action." (Pls.' Resp. 3.) An alleged course of action is not a cause of action, and an independent tort cannot rest solely on willful and wanton conduct. *Krywin v. Chicago Transit Auth.*, No. 108888, 2010 WL 2780319, at *11 (Ill. July 15, 2010) (citing *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274, 641 N.E.2d 402, 406 (Ill. 1994); *Sparks v. Starks*, 367 Ill. App. 3d 834, 837, 856 N.E.2d 575, 577-78 (Ill. App. Ct. 1st Dist. 2006)). Therefore, Count III must be dismissed for failure to state a claim.

IV.  COUNT IV MUST BE DISMISSED BECAUSE A ONE YEAR STATUTE OF LIMITATIONS BARS PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL CLAIM.

Count IV must be dismissed because dismissal is unopposed by Plaintiffs and it is proper under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101. Plaintiffs waive any argument against dismissal of their intentional infliction of emotional claim in Count IV, stating instead they "withdraw their claim under Count IV." (Pls.' Resp. 4.)[3] Therefore, Count IV must be dismissed.

V.  COUNT V MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFFS HAVE NOT PLEADED AN UNDERLYING CLAIM TO IMPOSE *RESPONDEAT SUPERIOR* LIABILITY.

Count V must be dismissed because no underlying claim exists to impose *respondeat superior* liability, despite Plaintiffs' argument that "they are alleging federal and state due

---

[3] To "withdraw" their claim procedurally, Plaintiffs must amend the Complaint but "only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). Otherwise, "dismissal for failure to state a claim under Rule 12(b)(6) is a dismissal within the meaning of Rule 41(b) and therefore constitutes an adjudication on the merits." *Cannon v. Loyola Univ. of Chi.*, 784 F.2d 777, 780 (7th Cir. 1986).

process claims." (Pls.'s Resp. 4.) "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010) (citing *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 619-20 (7th Cir. 2001)). Therefore, Count V must be dismissed because Plaintiffs have not pleaded an underlying claim to impose *respondeat superior* liability.

## CONCLUSION

Defendants respectfully request this Court grant their Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 9) because Count I fails to state a due process claim under the Fourteenth Amendment; Count II alleges no underlying constitutional violation to state a *Monell*-type claim; Count III fails to state a legally cognizable cause of action; Count IV is time-barred under the Tort Immunity Act; and Count V alleges no underlying claim to impose *respondeat superior* liability.

Dated: November 12, 2010

                                                  Respectfully submitted,

                                                  By: /s/ Helen C. Gibbons
                                                       HELEN C. GIBBONS
                                                       Assistant Corporation Counsel

                                                       /s/ Anne K. Preston
                                                       ANNE K. PRESTON
                                                       Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
t (312) 744-3982 / (312) 742-4045
f (312) 744-6566

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing DEFENDANTS CITY OF CHICAGO AND CHICAGO POLICE OFFICER JASON E. BROWN'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 12th day of November, 2010.

/s/ Anne K. Preston
ANNE K. PRESTON